UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>EDUARDO LOPEZ LOPEZ<br>MYRNA LIZZETTE ALICEA RODRIGUEZ<br><br>       DEBTOR (S) | CASE NO. 12-02702-BKT<br><br>CHAPTER 13 |

# AMENDED TRUSTEE'S UNFAVORABLE REPORT
# ON PROPOSED PLAN CONFIRMATION UNDER §1325

    TO THE HONORABLE COURT: NOW COMES, José R. Carrión, Chapter 13 Trustee, and very respectfully alleges and prays:

This is the Trustee's position regarding the request, under **11 U.S.C. §1325**, for the confirmation of a Chapter 13 Plan.

Debtor(s)' Income: **Above Median / 60 months commitment period.**    Gen Unsecured Pool: **$0.00**

The **LIQUIDATION VALUE** of the estate has been determined in **$2,381.00**    **R2016 STM. $3,000.00**

**TOTAL ATTORNEYS FEES THRU PLAN: $2,581.00**    Fees paid: $0.00    Fees Outstanding: $2,581.00

With respect to the proposed (amended) Plan dated: **August 14, 2012** (Dkt 26). Plan Base: **31,625.00**

The proposed (amended) plan can not be confirmed because it has the following deficiencies:

- Feasibility [§1325(a)(6)]: Default in payments to Trustee.
    The debtors are $1,845.00 or four months in arrears with the Trustee. Furthermore, the Plan proposes periodic payments every February. As of today, the Debtors have not paid to Trustee the periodic payment as proposed in the Plan. In light of this, the debtors have demonstrated that they do not have the capacity to make all the payments to fund the Plan.

- Feasibility : Default in direct payments to a secured creditor, as provided in plan. [§1325(a)(6)]
    Debtors have post-petition arrears with secured creditor, Banco Popular de Puerto Rico. (Docket no. 31)

- Feasibility [§1325(a)(5)]: Plan fails to provide for an allowed secured claim.
    Plan fails to provide for Asociación de Empleados de Gobierno de PR's secured claim number 5.

- Fails Disposable Income Test [11 U.S.C. §1325(b)]
    The debtors have failed to amend the Schedule I to correct joint debtor's gross income, which is $3,097.00 and to list Christmas Bonus. In addition, Debtor's gross income for the six months prior to filing bankruptcy is $3,633.000 which is higher than the reported in Schedule I. Debtor stated that Schedule I includes net income. Therefore, Debtor must amend Schedule I to list his gross income and Schedule J to list expense for the operation of business. Moreover, Debtor must submit evidence of the expenses listed in Schedule J for its review. The evidence of expenses is necessary in order to verify the average of the business expenses and Debtor's net income.

- Debtor(s) has/have failed to comply with her/his/their duties as a Debtor(s), debtor(s) has/have failed to provide documents and/or information requested at the meeting of creditors, impairing the Trustee duties performance under the Code. [11 USC §521 & §1302(b)]
    Debtor failed to amend the Mean Test to correct Debtor's gross income which is $3,633.33 for the six months prior the bankruptcy filing and list separately the expenses in order to verify Debtor's net income from self employment. Debtor must submit evidence of the expenses listed in Schedule J for its review. The evidence of expenses is necessary in order to verify the average of the business expenses and Debtor's net income.

- Other/Comments
    Debtor needs to amend the Plan to clarify the provision as to the use of the tax refund and Christmas Bonus. Tax refunds are disposable income. The plan must provide that any post-petition income tax return that the debtor would be

entitle to receive during the term of the plan will be devoted to fund the plan and that after its confirmation, and without further notice, hearing or Court order the plan shall be deemed modified by increments to its base, in an amount equal to each income tax refund.

Due to the above described deficiencies in the proposed plan the Trustee Objects to the Confirmation of the same.

CERTIFICATE OF SERVICE: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(s), and to her/his/their attorney through CM-ECF notification system.

   In San Juan, Puerto Rico this May 03, 2012.

                                             /s/ Mayra Arguelles -Staff Attorney

                                             _____
                                           JOSE R. CARRION
                                           CHAPTER 13 TRUSTEE
                                           PO Box 9023884, San Juan, PR 00902-3884
ma                                         Tel. (787) 977-3535  Fax  (787) 977-3550